A. D. MISENHEIMER et al. v. SOPHIA L. BOST et al.

*Will— Construction—Life-estate.*

Where a testator left an estate, real and personal, to his wife and children during her widowhood. and if she married she was to draw only a child's part, and have one hundred acres of land; and in case of her death and the death of her children, one thousand dollars was to go to his sister, and one thousand dollars each to two religious societies: *Held*, that his widow having married again, and his children being all dead, she was only entitled to a life-estate in the land, and that she was not entitled to the surplus proceeds of his real estate, left after paying his debts, without giving bond for its repayment at her death; and that the testator's sister and the religious societies were each entitled to one thousand dollars at the death of the widow.

This was a CIVIL ACTION, tried before *Shipp, J.*, at the January Term, 1889, of CABARRUS Superior Court.

It appears that Martin A. Blackwelder died in the county of Cabarrus some time prior to 1874, leaving a last will and testament, which was duly proven, and his widow, who has

since intermarried with the male plaintiff, qualified as executrix thereof. The following is a copy of so much of this will as needs to be reported here:

" I will and bequeath to my beloved wife Leah L. and all my children all of my property, both real and personal, to have and to hold as long as she keeps my name; if she, my wife, marries, then, in that event, she only draws a child's part.

" I will and bequeath to my wife one hundred acres of land if she marries, to have and to hold her life-time, and at her death then it is to go to my children, and that this hundred acres of land be laid off by three freeholders, her choice, and that they commence on the long line between my brother, H. A. Blackwelder, and myself, about two or three hundred yards South of the sweet-gum corner at the mouth of the Martin Walter branch, and that it be laid so that it includes my house and mill and cotton-gin.

" It is my will that my executor collect in all of the money that is owing me, and pay all of my just debts, and if there is not enough, then my executor sell the house and lot in the town of Concord and pay the remainder of my debts.

" It is my will, if my wife and all my children die, then, in that event, that my sister Sophia L. Bost, now the wife of George Bost, and her heirs, first receive one thousand dollars of my estate.

" It is my will that if my wife and children die, as before stated, that one thousand dollars go to St. James Church, in Concord, N. C., and that thousand to be put on interest, and the interest to be taken to pay the minister of said church yearly.

" It is my will, if my wife and children die, that one thousand go to the N. C. Synod of the Lutheran Church of No. Ca., and it be on interest as before stated.

" I hereby appoint my wife Leah executor of my estate in full, and that Dr. J. E. McEachern assist her, if his health admits of it, if not, R. W. Allison."

It also appears that said testator left, as legatees and devisees of said will, two minor children, Maggie S. Blackwelder and Bettie Blackwelder, the latter of whom was born about three months after the death of testator, and the plaintiff Leah L., his widow, who has since intermarried with the plaintiff A. D. Misenheimer.

That the personal estate of said testator was insufficient to pay his debts, and on account of a defective title to the real estate described in said will as the house and lot in the town of Concord, very little was realized therefrom, &c.

That after a final settlement of the estate of said testator, made and filed on the 1st day of June, 1883, a surplus of the proceeds arising from said sale of land, to-wit, the sum of two hundred and thirty-three $\frac{76}{100}$ dollars, was retained by Jas. C. Gibson, the Clerk of said Superior Court, who refused to pay over the same absolutely to the plaintiffs.

That on the ____ day of _____, 1874, the said Bettie Blackwelder died intestate and without issue, leaving as her only heir at law her sister, the said Maggie S. Blackwelder, and that on the ____ day of _____, 1884, the said Maggie S. Blackwelder also died intestate and without issue, or brother, or sister, or issue of such, leaving, as her only heir at law, her mother, the plaintiff, Leah L. Misenheimer.

That, as plaintiffs are informed and believe, the said Leah L. Misenheimer is entitled to a fee-simple estate in all the lands hereinbefore described, and has a right to the absolute use of the funds arising from the sale thereof, to-wit, the sum of two hundred and thirty-three $\frac{76}{100}$ dollars, now in the possession of the Clerk of this Court.

A jury trial was waived, and the Court, having found the material facts, gave judgment as follows:

"The Court doth further declare its opinion to be, that under said will of said M. A. Blackwelder, upon the facts admitted in the pleadings and found above by the Court, that, at the death of Leah L. Misenheimer, the defendant,

Sophia L. Bost, will be entitled to receive one thousand dollars from the estate of M. A. Blackwelder; that St. James Church, in Concord, N. C., and the N. C. Synod of the Lutheran Church of N. C., are each entitled to be paid one thousand dollars out of the estate of the said M. A. Blackwelder, if the estate amounts to that sum."

From this judgment the plaintiffs appealed to this Court, assigning as error as follows:

1. That his Honor erred in holding that the plaintiff Leah L. Misenheimer is not entitled to the money in the hands of the Clerk of the Superior Court of Cabarrus County, without giving a bond for its repayment, at her death, to Sophia L. Bost.

2 That his Honor erred in not holding that the plaintiff Leah L. was entitled to said money as heir at law of Maggie S. Blackwelder, her deceased child, and that the same should be paid to her absolutely.

3. That his Honor erred in not holding that, under the will of M. A. Blackwelder, the said Maggie S. Blackwelder and Bettie Blackwelder took an estate in fee in all the lands of which the testator died seized, and that such estate was indefeasible after the death of said testator.

4. That his Honor erred in not holding that, upon the death of Maggie S. Blackwelder, there was a merger of the life-estate which the plaintiff Leah L. took directly under said will, and the absolute estate which said Maggie S. Blackwelder had in the lands of said testator.

5. That his Honor erred in declaring that, at the death of Leah L. Misenheimer, the defendant Sophia L. Bost will be entitled to receive one thousand dollars from the estate of M. A. Blackwelder, and that St. James Church, in Concord, N. C., and the N. C. Synod of the Lutheran Church of N. C., are each entitled to be paid one thousand dollars out of the estate of said M. A. Blackwelder.

*Messrs. H. W. Harris, A. Burwell* and *P. D. Walker*, for plaintiffs.

*Mr. W. J. Montgomery*, for defendants.

MERRIMON, C. J.—after stating the case: It seems to us very clear that the testator, in disposing of his property to his wife and children, did not have in view at all, or expect, the death of each and all of them before that of himself, nor did he intend that the property bequeathed and devised to his children should vest absolutely in them immediately upon his death, if they survived him. It is very improbable that he thought that his wife and all his children—several persons—might die before himself, and, therefore, he provided for such contingency. Besides, that he did not, appears strongly in that he appointed his wife executrix of his will, thus indicating his expectation that she would survive him; and further, in that he directs that at the death of his wife the land devised to her for her life should go to his children; and further, in that he devised to his wife a certain quantity of land, in the contingency that she should, after his death, marry a second time; and further, in that he bequeathed and devised all of his property, both real and personal, to his wife and children as long as she continued to be his widow. He scarcely thought of the contingency of the death of his wife before his own and that of all his children and that they all might die before him. We think, therefore, that the provisions of the will have reference to the time of the death of the testator and contingencies mentioned that might happen after that time.

By the clause of his will first above set forth, the testator puts his widow and all his children on an equal footing as to his property, both real and personal, as long as the widow should remain his widow. In case she married a second time, she became entitled to have a child's part of the per-

sonalty absolutely, and a life-estate for her own life in one hundred acres of land designated. In that case, she ceased to have an interest in common with her children in the property—her part of the property was to be set apart to her, and, this done, she held and owned it by a separate and distinct title under the will, while the children continued to own the balance thereof in common.

Thus the testator made a clear disposition of his property, both real and personal. He seems to have thought, in making his will, perhaps without careful consideration, mainly of his wife and children and making provision for them particularly, without reference to children they might thereafter have, and of disposing of the property after the death of all of them. But be that as it may, in subsequent parts of his will he disposed of his property by limiting it to other persons after the death of his wife and all of his children. He provides, with particularity, that if his wife and all his children die, "then, and in that event," &c. He certainly knew that his wife and children would all die at some time. There was no reason of law that prevented him from making such disposition of his property. He might exclude the children of his children, directly or indirectly, if he saw fit to do so, and he might limit the property, or parts of it, or the proceeds, or part thereof, of the sale of it, as he did do, upon the happening of the event specified.

It appears that there was no personalty, or not sufficient to pay the debts of the testator. Then, under the will and upon the material facts as they appear, when the first child of the testator died, her share of, and interest in, the property of the children, including the remainder in the land devised to the mother, descended to the sole surviving sister as heir at law; and when the latter died, the property descended to the mother, the *feme* plaintiff; and when she shall die, it will descend to her heirs at law, charged with the

payment of the several legacies of the will, in their order. If the property shall be more than sufficient to pay the legacies, the surplus will go to the heir at law or devisee of the mother, the *feme* plaintiff.

Affirmed.